J-S56013-17

2018 PA Super 336

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JAMES JOHNSON | |
| Appellant | No. 346 EDA 2017 |

Appeal from the Order Entered December 19, 2016
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001899-1992

BEFORE:  BOWES, STABILE, AND PLATT,* JJ.

OPINION BY BOWES, J.:                    **FILED DECEMBER 10, 2018**

James Johnson appeals from the denial of his petition seeking an order declaring him exempt from obligations under the Sexual Offender Registration and Notification Act ("SORNA").  We affirm.

On November 4, 1992, Appellant pleaded guilty to one count of robbery, and entered a *nolo contendere* plea to one count of involuntary deviate sexual intercourse – forcible compulsion, 18 Pa.C.S. § 3123(a)(1), graded as a felony of the first degree.  On December 19, 1992, Appellant received an aggregate sentence of thirteen to twenty-six years incarceration. At the time of his plea, the law did not impose registration obligations upon sexual offenders, as the first version of such laws (hereinafter generally referred to as "Megan's Law") was not enacted until 1995.

_____
*  Retired Senior Judge specially assigned to the Superior Court.

While Appellant served his sentence, four different versions of Megan's Law were enacted. In brief, our Supreme Court declared portions of the first Megan's Law unconstitutional in **Commonwealth v. (Donald) Williams**, 733 A.2d 593 (Pa. 1999). In response, the General Assembly passed the second iteration of these laws, Megan's Law II, effective July 10, 2000. Subsequently, in **Commonwealth v. (Gomer) Williams**, 832 A.2d 962 (Pa. 2003), our Supreme Court reviewed that statutory scheme and deemed some provisions unconstitutionally punitive. The Legislature again responded, by enacting Megan's Law III, which amended Megan's Law II and went into effect on January 24, 2005. Megan's Law III remained in effect until December 20, 2012, when SORNA became effective.[1]

In June of 2009, Appellant was granted parole, but was not released from confinement until March 8, 2012, due to the unavailability of placement in a specialized Community Corrections Center. As a condition of his release, Appellant was required to register with the Pennsylvania State

---

[1] On December 16, 2013, Megan's Law III was struck down in its entirety for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. **See Commonwealth v. Neiman**, 84 A.3d 603 (Pa. 2013). The decision was stayed ninety days to give the General Assembly an opportunity to amend. However, since SORNA went into effect as of December 20, 2012, the Legislature thereafter amended SORNA. **See** 42 Pa.C.S. § 9799.11(b)(3) ("It is the intention of the General Assembly to address the Pennsylvania Supreme Court's decision in [**Neiman**] . . . by amending this subchapter in the act of March 14, 2014 (P.L. 41, No. 19).").

Police as a sexual offender.[2]  Appellant was required to register "upon release from incarceration, [or] upon parole[.]"  *See* (former) 42 Pa.C.S. § 9795.2(a)(1) (effective February 21, 2012 to December 19, 2012).  As of March of 2012, Megan's Law III required a lifetime registration for persons convicted of involuntary deviate sexual intercourse.  *See* (former) 42 Pa.C.S. § 9795.1(b)(2)(i) (lifetime registration for individuals convicted of, *inter alia*, involuntary deviate sexual intercourse) (effective December 20, 2011 to December 19, 2012).  Following his release to Communications Corrections Center, Appellant violated his parole conditions by possessing a cell phone, and was reincarcerated as a result.

SORNA incorporates by reference those persons who were required to register under former versions of the law, in addition to persons currently serving a sentence.  *See* 42 Pa.C.S. § 9799.12 (defining "sexually violent offense" as an offense specified in § 9799.14 as a Tier I, Tier II, or Tier III offense); 42 Pa.C.S. § 9799.1411(d) (classifying involuntary deviate sexual intercourse as a Tier III offense).  Therefore, at the time Appellant filed this petition, he was required to register under SORNA for life, due either to his

---

[2] The Megan's Law registry lists a James Johnson, who is currently incarcerated for a violation of 18 Pa.C.S. § 3123, with a conviction date of December 4, 1992.  The registry states that Appellant's registration began on March 13, 2012.

obligations under Megan's Law III as carried forward under SORNA, and/or upon his release from incarceration pursuant to SORNA itself.[3]

Having set forth the statutory background, we now address the issues on appeal. On November 28, 2016, Appellant filed a Petition for Writ of *Habeas Corpus* and Declaratory Relief, seeking an order declaring him exempt from SORNA's provisions. The trial court denied the motion, relying on case law holding that the retroactive application of SORNA was permissible, since the consequences were not punitive. ***See e.g. Commonwealth v. Perez***, 97 A.3d 747 (Pa.Super. 2014).

Following the trial court's denial of the motion, our Supreme Court issued ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017) (OAJC), which held that SORNA constituted criminal punishment and therefore could not be retroactively applied.[4] We have held that ***Muniz*** announced a new substantive rule of law that applies retroactively in a timely Post Conviction Relief Act ("PCRA") petition. ***See Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa.Super. 2017) ("[T]he recent holding

_____

[3] Effective February 21, 2018, the Legislature enacted Act 10, which added a new subchapter to SORNA, "Continued Registration of Sexual Offenders." 42 Pa.C.S. §§ 9799.51-9799.75. The stated purpose of Act 10 was, *inter alia*, to address ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017). Act 29 of 2018 reenacted Act 10, effective June 12, 2018.

[4] Appellant filed an application for leave to file a post-case submission, drawing our attention to ***Muniz***. ***See*** Pa.R.A.P. 2501(b) (duty to alert court of change in status of authorities). We grant the application.

in **Muniz** created a substantive rule that retroactively applies in the collateral context, because SORNA punishes a class of defendants due to their status as sex offenders and creates a significant risk of punishment that the law cannot impose."). However, we have also held that **Muniz** does not qualify as an exception to the PCRA's one-year time bar. **Commonwealth v. Murphy**, 180 A.3d 402 (Pa.Super. 2018). Therefore, **Muniz** applies retroactively on collateral review only to those persons who could raise the issue in a timely PCRA petition.

This distinction is outcome determinative. Procedurally, the instant case comes to this Court as a filing outside of the PCRA. However, Appellant's selected designation does not control. **See Commonwealth v. Taylor**, 65 A.3d 462, 465 (Pa.Super. 2013) ("We agree that Appellant's writ of *habeas corpus* should be treated as a PCRA petition."). Hence, we must examine whether Appellant's request for relief must be treated as a PCRA petition. The PCRA time limits are jurisdictional, and we therefore cannot address the merits of an untimely petition. **See Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa.Super. 2018).

Our Supreme Court has stated that "claims that **could** be brought under the PCRA **must** be brought under that Act. No other statutory or common law remedy 'for the same purpose' is intended to be available; instead, such remedies are explicitly 'encompassed' within the PCRA." **Commonwealth v. Hall**, 771 A.2d 1232, 1235 (Pa. 2001) (emphasis in

original).  The instant claim, that  *Muniz* applies retroactively, is clearly

cognizable under the PCRA.  *Rivera-Figueroa*; *Murphy*.

In an attempt to evade the timeliness requirements of the PCRA,

Appellant specifically cited the line of cases seeking relief under a contractual

theory, such as *Commonwealth v. Partee*, 86 A.3d 245 (Pa.Super. 2014).

*Partee* held that such claims fall outside the PCRA as their theory of relief is

predicated upon an attack that does not pertain to the criminal sentence

itself.  We explained that a motion seeking enforcement of a plea bargain is

not within the scope of the PCRA:

> We note that the within petition is not an attack on Appellant's
> sentence, nor is he alleging that he is innocent of the offenses of
> which he was convicted.  Appellant is not asserting that his
> conviction or sentence resulted from a violation of the
> Constitution, ineffective assistance of counsel, an unlawfully-
> induced plea, obstruction by government officials of his right to
> appeal, newly-discovered evidence, an illegal sentence, or a lack
> of jurisdiction.  42 Pa.C.S. § 9543(a)(2).  In short, we agree with
> Appellant that his claim does not fall within the scope of the
> PCRA and should not be reviewed under the standard applicable
> to the dismissal of PCRA petitions.

*Id*. at 247.  Thus, *Partee* concluded that such petitions were not subject to

the PCRA time bar.  The claim nonetheless failed on the merits, as Partee

had violated the terms of his probation and was therefore not entitled to the

benefit of his bargain.

Recently, this Court held in *Commonwealth v. Fernandez*, 2018 WL

4237535 (Pa.Super. September 5, 2018) (*en banc*), that *Partee* has been

abrogated by *Muniz*, and therefore offenders may seek restoration of the

sexual offender obligations that existed at the time of their plea even if the offender breached their bargain by violating the terms of probation. Here, however, the plea enforcement theory does not apply, as Appellant has no plea bargain to enforce: he entered a *nolo contendere* plea prior to the enactment of any sexual offender laws. By definition, the parties could not have contemplated non-registration as a term of the plea. We explained the applicable principles as follows:

> To summarize: (a) where a plea bargain is structured so the defendant will not have to register or report as a sex offender or he will have to register and report for a specific time; and (b) the defendant is not seeking to withdraw his plea but to enforce it, then the "collateral consequence" concept attributed generally to sex offender registration requirements does not trump enforcement of the plea bargain.

*Commonwealth v. Farabaugh*, 136 A.3d 995, 1002 (Pa.Super. 2016).

Thus, we cannot apply *Muniz via* a plea enforcement theory, as the parties clearly could not structure the plea to accommodate law that did not exist.

We acknowledge that the "collateral consequences" referred to by *Farabaugh* are in fact punitive post-*Muniz* and hence not collateral. Nevertheless, the PCRA clearly offers a remedy for the requested relief, *i.e.* the retroactive application of *Muniz*. *Rivera-Figueroa*. Appellant's judgment of sentence became final more than twenty-five years ago. Therefore, *Murphy* controls and the instant petition does not qualify as an

exception to the PCRA's time-bar. Accordingly, Appellant is not entitled to

relief.[5]

_____

[5] Speaking for myself only, I dissented in **Commonwealth v. Fernandez**, 2018 WL 4237535 (Pa.Super. September 5, 2018) (*en banc*), expressing the belief that subsequent legislation has addressed the retroactivity of **Muniz**. My dissent further noted that the holding in **Fernandez** lent itself to unequal application:

> To the extent that the Majority disagrees with my position that the Legislature has retroactively applied **Muniz**, I would note that the Majority has crafted a retroactivity scheme in which only some offenders receive the benefit of **Muniz**. Offenders who have no plea bargain to enforce or elected to go to trial cannot take advantage of the Majority's theory, yet they too are serving unconstitutional sentences that the Majority posits "cannot stand."

**Id**. at *11 n.4 (Bowes, J., dissenting) (internal citation omitted).

This case demonstrates that point. If any set of persons is unfairly saddled with SORNA requirements, surely it is someone like Appellant who pleaded guilty prior to the existence of any sexual offender law. Additionally, **Muniz** is a new substantive rule, and the refusal to judicially apply the case retroactively poses its own set of problems. **See id**. at *11 n.3.

Finally, I note my belief that retroactive application of **Muniz** may be permissible outside of the PCRA. **Muniz** effectively imposes a brand new criminal sentence as a substantive, not procedural, matter. In the ordinary *ex post facto* case, there is a clearly-defined date from which punishment is imposed: the date the trial judge announces the sentence. Herein, Appellant was not serving any sentence with respect to his sexual offender obligations until our Supreme Court declared that to be so. That fact presents an unusual issue with respect to *ex post facto* issues, and **Muniz** is largely academic if its holding does not apply retroactively to all.

Since this Court disagrees with my position that **Muniz** has been applied retroactively through legislation, I would not foreclose reaching **Muniz** via an alternative theory. **See e.g. Commonwealth v. West**, 938 A.2d 1034,
*(Footnote Continued Next Page)*

Application for leave to file post-submission communication granted.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/10/18</u>

*(Footnote Continued)* ————————

1036 (Pa. 2007) (holding substantive due process claim to nine-year delay in committing defendant and requiring him to start serving sentence was not subject to PCRA and its time limits). ***Cf. Commonwealth v. Descardes***, 136 A.3d 493, 503 (Pa. 2016) (Saylor, C.J., concurring) (agreeing that writ of *coram nobis* was not available even though litigant was unable to seek timely relief under the PCRA under then-prevailing case law; litigant's claim was "in substance . . . an entreaty for [a United States Supreme Court case] to be applied retroactively." The substantive nature of ***Muniz***, in my view, necessitates retroactive application. However, this view has not been presented nor briefed in the present case.