J-S13025-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL DWAYNE KARRAKER | : | |
| | : | |
| Appellant | : | No. 1159 WDA 2018 |

Appeal from the PCRA Order Entered July 6, 2018
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s):  CP-65-CR-0001699-2009

BEFORE:   BENDER, P.J.E., OTT, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                          FILED MAY 15, 2019

Michael Dwayne Karraker appeals from the order entered July 6, 2018,

in the Westmoreland County Court of Common Pleas, dismissing his first

petition for collateral relief filed pursuant to the Post Conviction Relief Act

("PCRA").[1]  Karraker seeks relief from an aggregate term of two-and-one-half

to five years' state incarceration, followed by five years of probation, imposed

on July 19, 2010.   On appeal, Karraker claims the PCRA court erred in

dismissing his petition as untimely filed because legal precedent holds that

the retroactive application of the Sexual Offender Registration and Notification

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Act ("SORNA")[2] "violated the ex post facto clause of both the Federal Constitution and the Pennsylvania Constitution." Karraker's Brief at 7 (italics added). For the reasons below, we affirm.

The facts underlying Karraker's negotiated guilty plea are well known to the parties, and we need not recite them in detail herein. Briefly, Karraker, who was 22 years old at the time, sexually assaulted the 15-year-old female victim on multiple occasions from January to March of 2009. On March 5, 2010, Karraker entered a negotiated guilty plea to charges of aggravated indecent assault, statutory sexual assault, and corruption of minors.[3] In exchange for the plea, the Commonwealth agreed to the following sentence: (1) 30 to 60 months' incarceration for the aggravated assault offense; (2) a concurrent term of 12 to 24 months' imprisonment for the statutory sexual assault count; and (3) a consecutive term of five years' probation for the corruption of minors crime. Following a hearing, the court accepted Karraker's guilty plea and deferred sentencing pending a Megan's Law[4] assessment. On

_____

[2] 42 Pa.C.S. §§ 9799.10-9799.41, amended and replaced by 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective. Reenacted 2018, June 12, P.L. 140, No. 29, § 14, immediately effective. 42 Pa.C.S. §§ 9799.51-9799.75 ("SORNA II").

[3] 18 Pa.C.S. §§ 3125(a)(8), 3122.1, and 6301(a)(1), respectively.

[4] Karraker was sentenced under SORNA's predecessor, commonly known as Megan's Law III, 42 Pa.C.S. §§ 9791-9799.9 (expired), which was in effect when the crimes at issue occurred. On December 20, 2012, SORNA replaced Megan's Law III.

July 19, 2010, the court sentenced Karraker in accordance with the terms of the plea agreement. Moreover, the court ordered, inter alia, that Karraker was subject to lifetime registration requirements of Megan's Law.[5]

On December 11, 2017, Karraker filed the instant, pro se PCRA petition, alleging he was eligible for relief pursuant to 42 Pa.C.S. § 9543(a)(2)(i). Counsel was appointed, who subsequently filed an amended petition on February 22, 2018, and argued Karraker is entitled to a court order removing him from the sexual offender registry pursuant to Commonwalth v. Muniz, 164 A.3d 1189 (Pa. 2017),[6] and Commonwealth v. McCullough, 174 A.3d

_____

[5] In October of 2014, Karraker was found to have violated his probation and following a revocation proceeding, the court sentenced him to a term of 9 months to three years for the corruption of minors conviction.

[6] Muniz was a plurality decision. Justice Dougherty authored the Opinion Announcing the Judgment of the Court ("OAJC"), holding: (1) SORNA's registration requirements constitute punishment; (2) the retroactive application of the registration requirements violates the ex post facto clauses of the United States and Pennsylvania Constitutions; and (3) Pennsylvania's ex post facto clause provides greater protection than its federal counterpart. See Muniz, 164 A.3d at 1193, 1223. Justices Baer and Donahue joined the OAJC in full. Justice Wecht filed a Concurring Opinion, joined by Justice Todd, which joined those parts of the OAJC concluding the registration requirements constitute punishment, and their retroactive application runs afoul of Pennsylvania's ex post facto clause. However, he disagreed with the OAJC's holding that the Pennsylvania Constitution provides greater protection than the federal constitution, and, additionally, stated he would decline to address the federal claim. See id. at 1224. Justice Saylor authored a Dissenting Opinion in which he concluded SORNA is not punitive. Justice Mundy did not participate in the decision.

1094 (Pa. Super. 2017) (en banc).[7]   A PCRA hearing was held on April 16, 2018.  On June 5, 2018, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Karraker's petition.  The court explained:

> [Karraker] was required to comply with lifetime registration under both Megan's Law and SORNA.  The Pennsylvania Supreme Court found that the retroactive application of SORNA violates the ex post facto clause of both the Federal and Pennsylvania Constitutions.   Muniz, 164 A.3d at 1218, 1223.   It held that SORNA is "an unconstitutional ex post facto law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effectiveness date and subjected to increased registration requirements under SORNA after its passage."   Commonwealth v. McCullough, 174 A.3d 1094, 1095 (Pa. Super. Ct. 2017).   The Court's decision in Muniz ultimately "created a substantive rule that retroactively applies in the collateral context, because SORNA punishes a class of defendant's [sic] due to their status as sex offenders and creates a significant risk of punishment that the law cannot impose." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. Ct. 2017).
>
> [Karraker], however, is not subject to the continued reporting requirements in the version of SORNA that was in effect and under review in Muniz.  See Muniz, 164 A.3d 1189.  Rather, [Karraker] is subject to the reporting requirements of Act 10 of 2018 which was passed on February 21, 2018.  The new Act was intended to address the Pennsylvania Supreme Court's decision in Muniz, and it applies the following individuals:
>
>> (1) [individuals who were] convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or

_____

[7]   McCullough recognized the following:   "The Muniz Court held that Pennsylvania's SORNA is an unconstitutional ex post facto law when applied retroactively to those sexual offenders convicted of applicable crimes before the act's effective[] date and subjected to increased registration requirements under SORNA after its passage."  McCullough, 174 A.3d at 1095.

(2) [individuals who were] required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

42 Pa.C.S.A. §§ 9799.51(b)(4), 9799.52. [Karraker] was required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth within the proscribed time period. Additionally, [Karraker]'s period of registration has not yet expired because he is required to register as a sex offender for life; therefore, [Karraker] is subject to the reporting requirements of Act 10 of 2018. The Applicability Section of Act 10 of 2018 also requires [Karraker]'s continued registration for the same aforementioned reasons. § 9799.54.

Notice of Intent to Dismiss Motion for Post-Conviction Collateral Relief, 6/5/2018, at 2-3. Subsequently, on July 6, 2018, the court dismissed Karraker's petition, finding it was untimely filed and he failed to prove any of the timeliness exceptions, 42 Pa.C.S. § 9545(b)(1)(i)-(iii), applied. This appeal followed.[8]

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Mitchell, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted). Here, the PCRA court determined that Karraker's petition was untimely. We agree.

---

[8] The court did not order Karraker to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b). On September 6, 2018, the court issued a Pa.R.A.P. 1925(a) statement, indicating it was adopting its rationale from its June 5, 2018 Rule 907 notice and its July 6, 2018, order dismissing Karraker's petition.

"Crucial to the determination of any PCRA appeal is the timeliness of the underlying petition.  Thus, we must first determine whether the instant PCRA petition was timely filed."  Commonwealth v. Smith, 35 A.3d 766, 768 (Pa. Super. 2011), appeal denied, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature.  Commonwealth v. Taylor, 933 A.2d 1035, 1038 (Pa. Super. 2007), appeal denied, 597 Pa. 715, 951 A.2d 1163 (2008) (citing Commonwealth v. Murray, 562 Pa. 1, 753 A.2d 201, 203 (2000)).  The court cannot ignore a petition's untimeliness and reach the merits of the petition. Id.

Commonwealth v. Taylor, 67 A.3d 1245, 1248 (Pa. 2013), cert. denied, 134 S. Ct. 2695 (U.S. 2014).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  See 42 Pa.C.S. § 9545(b)(1).  A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review."  42 Pa.C.S. § 9545(b)(3).  Here, Karraker's judgment of sentence was final on August 18, 2010, 30 days after the trial court imposed his sentence and Karraker did not file a direct appeal.  See Pa.R.A.P. 903(a); 42 Pa.C.S. § 9545(b)(3).  Therefore, he had until August 18, 2011, to file a timely PCRA petition.  The one before us, filed December 11, 2017, is patently untimely.

Nevertheless, we may still consider an untimely PCRA petition if one of the three time-for-filing exceptions applies:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). For claims arising prior to December 24, 2017, a petitioner invoking an exception must file his petition within 60 days of the date he or she could have presented the claim.[9] See Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and §3.

In the present case, Karraker argues that his sentence is illegal and he is entitled to a court order removing him from the sexual offender registration in light of Muniz, McCullough, and Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017),[10] and that he timely filed his decision within 60 days

_____

[9] Effective December 24, 2018, Act 146 of 2018 amended 42 Pa.C.S. § 9545(b)(2), and now provides that a PCRA petitioner invoking a timeliness exception must file the petition within one year of the date the claim could have been presented, for all claims arising after December 24, 2017. See Act 2018, Oct. 24, P.L. 894, No. 146, § 2 and § 3.

[10] The Butler court held Section 9799.24(e)(3) of SORNA, which concerns the procedure for determining whether a defendant is a sexually violent predator ("SVP"), "violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable

- 7 -

of that date, thus invoking properly the third exception to the time-for-filing requirement. See Karraker's Brief at 8-11. We disagree.

As pointed out by the PCRA court,[11] this Court recently considered whether Muniz applied under similar circumstances in Commonwealth v. Murphy, 180 A.3d 402 (Pa. Super. 2018), appeal denied, 195 A.3d 559 (Pa. 2018). In Murphy, a panel of this Court explained:

> Appellant's reliance on Muniz cannot satisfy the 'new retroactive right' exception of [S]ection 9545(b)(1)(iii). In Commonwealth v. Abdul-Salaam, 571 Pa. 219, 812 A.2d 497 (Pa. 2002), our Supreme Court held that,
>
> > [s]ubsection (iii) of Section 9545 has two requirements. First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.
>
> Id. at 501.

_____

doubt" and that "trial courts cannot designate convicted defendants SVPs (nor may they hold SVP hearings) until our General Assembly enacts a constitutional designation mechanism." Butler, 173 A.3d at 1218. Turning to the present matter, we note Karraker was not deemed to be an SVP. See N.T., 7/19/2010, at 2. Therefore, Butler is not applicable to the present matter.

[11] Order of Court, 7/6/2018, at unnumbered 2.

> Here, we acknowledge that this Court has declared that, "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, [] 2017 PA Super 359, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Appellant's PCRA petition is untimely (unlike the petition at issue in Rivera-Figueroa), he must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively in order to satisfy [S]ection 9545(b)(1)(iii). See Abdul-Salaam, supra. Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on Muniz to meet that timeliness exception.[1]
>
> ---
>
> [1] Certainly, if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Appellant can then file a PCRA petition, within 60 days of that decision, attempting to invoke the 'new retroactive right' exception of [S]ection 9545(b)(1)(iii).

Murphy, 180 A.3d at 405–406 (emphasis in original).

In other words, this Court concluded that the holding in Muniz, and in turn, McCullough, does not apply presently to untimely-filed PCRA petitions. See Commonwealth v. Johnson, 200 A.3d 964, 967 (Pa. Super. 2018) ("Muniz applies retroactively on collateral review only to those persons who could raise the issue in a timely PCRA petition."). Here, the PCRA court correctly determined Murphy controls in the present matter. See Order of Court, 7/6/2018, at unnumbered 2. Therefore, we are constrained to agree with the PCRA court's determination that Karraker's petition is untimely, the petition does not satisfy any timeliness exception, and we are without jurisdiction to review the petition. Accordingly, we affirm the PCRA court's July 6, 2018, order dismissing Karraker's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/15/2019