J-S07023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                 :             PENNSYLVANIA
                 :
         v.                  :
                 :
                 :
RONALD EUGENE COLTON          :
                 :
       Appellant          :    No. 798 MDA 2018

Appeal from the PCRA Order Entered April 25, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000027-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MAY 24, 2019**

       Ronald Eugene Colton appeals from the order denying him relief under

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Colton

claims, *inter alia*, the judgment of sentence imposed following his guilty plea

to the offense of failure to comply with registration requirements[1] is

unconstitutional. We reverse the order of the PCRA court and remand for

proceedings consistent with this memorandum.

       In August 2013, Colton pled guilty under a separate docket number to

one count of invasion of privacy,[2] based on his conduct in October 2012.[3] The

---

\*    Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 4915.1(a)(1).

[2] ***See*** 18 Pa.C.S.A. § 7507.1(a)(1).

[3] Colton took photographs of his girlfriend's minor daughter through a
bathroom window.

court sentenced Colton to one year of probation. Colton did not file a direct appeal.

In January 2016, the Commonwealth filed charges against Colton for failure to comply with registration requirements, and the case was assigned the instant docket number. The Commonwealth alleged that because Colton had been convicted of invasion of privacy in 2013, he was obligated to register with the Pennsylvania State Police pursuant to the Sexual Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10-9799.42. SORNA classifies invasion of privacy as a Tier I sexual offense, **see** 42 Pa.C.S.A. § 9799.14(b)(10), and imposes certain registration requirements on sexual offenders. **See id.** at § 9799.15. The Commonwealth alleged that Colton failed to register his address with the Pennsylvania State Police within three days after his release from jail in December 2015,[4] and failed to update the registration number on his vehicle within three days.

Colton pled guilty to one count of failure to comply with registration requirements. The court sentenced him on June 16, 2016, to a mandatory minimum of two years' incarceration, pursuant to 42 Pa.C.S.A. § 9718.4(a)(1)(i),[5] and a maximum of seven years' incarceration. Colton did not appeal.

---

[4] Colton registered nine days after his release.

[5] This statute was held unconstitutional in **Commonwealth v. Blakney**, 152 A.3d 1053, 1056 (Pa.Super., filed Dec. 16, 2016). As we vacate Colton's judgment of sentence, we need not address the application of the mandatory minimum.

Within a year after his sentencing hearing, on May 12, 2017, Colton filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who filed multiple amended petitions. The PCRA court denied relief on April 25, 2018, and Colton appealed.

Colton presents the following issues:

I. Given that Ronald Colton committed the crime of invasion of privacy after [SORNA] was enacted on December 20, 2011 but before its December 20, 2012 effective date, was it an ex post facto application of SORNA, in violation of the Federal and Pennsylvania Constitutions, to prosecute Ronald Colton for an alleged untimely registration under SORNA?

II. Was Ronald Colton subject to SORNA, given the date he committed the crime of invasion of privacy?

III. Did SORNA violate both the Federal and Pennsylvania Constitution due process clause[s] because the statute was vague and misleading as to when the statute began to apply to sexual behavior[?]

IV. Was Ronald Colton's SORNA guilty plea unlawfully induced?

V. Given that Ronald Colton plead guilty to a SORNA registration violation, was sentenced for said violation and never appealed, is Ronald Colton now precluded from contending that the said plea and sentence needs to be set aside because the application of SORNA to Ronald Colton in this case violates both the ex post facto clause of the United States Constitution and Pennsylvania Constitution?

VI. Was Ronald Colton's trial attorney ineffective in permitting and encouraging Mr. Colton to plead guilty?

Colton's Br. at 4 (answers below omitted).

Colton argues that his sentence for failure to comply with registration requirements is unconstitutional because he engaged in the conduct leading to his invasion of privacy conviction in October 2012, before the December

2012 effective date of SORNA, and when no similar registration requirements applied to a conviction for invasion of privacy. Thus, Colton argues, application of SORNA would be in violation of the *ex post facto* clauses of the state and federal constitutions, as the Pennsylvania Supreme Court announced in **Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017) (OAJC), *cert. denied sub nom.* **Pennsylvania v. Muniz**, 138 S.Ct. 925 (2018). Colton also alleges that he received no notice that he would be subjected to SORNA registration requirements when he pled guilty to or was sentenced for invasion of privacy.[6] He thus argues his 2016 conviction for violating SORNA violates his due process rights. Colton argues that because SORNA registration requirements do not apply to his sentence for invasion of privacy, he is eligible for PCRA relief because his plea of guilty to the offense of failure to comply with registration requirements was unlawfully induced and was not knowing, intelligent, or voluntary; was the result of ineffective assistance of counsel; and resulted in an unconstitutional and unlawful sentence. **See** 42 Pa.C.S.A. § 9543(a)(2)(i), (ii), (iii), (vii).

SORNA was enacted in December 2011 and took effect in December 2012. The Pennsylvania Supreme Court has declared that "SORNA's registration provisions are punitive and . . . retroactive application of SORNA's registration provisions violates the federal and state *ex post facto* clauses."

---

[6] Because Colton's conviction for invasion of privacy is not before us, the certified record for that case has not been transmitted.

*Commonwealth v. Greco*, 203 A.3d 1120, 1123 (Pa.Super. 2019) (citing *Muniz*, 164 A.3d at 1193).[7] This Court has subsequently held that "for purposes of our *ex post* facto analysis, it is SORNA's effective date, not its enactment date, which triggers its application," and "application of SORNA to sex offenders for offenses committed before its effective date violates the *ex post facto* clauses of the United States and Pennsylvania Constitution." *Lippincott*, 2019 PA Super 118 at *5-6.[8]

The retroactive application of SORNA implicates the legality of a sentence. *Greco*, 203 A.3d at 1123. We may assess the legality of a sentence *sua sponte*, provided we have jurisdiction. *Lippincott*, 2019 PA Super 118 at *2 n.6.[9] In *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674 (Pa.Super. 2017), this Court held *Muniz* announced a substantive rule of law that "should

---

[7] "While *Muniz* is not a majority decision, the concurring opinion joins the Supreme Court's lead opinion to the extent it concludes that SORNA is punitive and that it was unconstitutional as applied to the appellant, in violation of both state and federal *ex post facto* prohibitions." *Commonwealth v. Lippincott*, ____ A.3d _____, 2019 PA Super 118 at *4 (Apr. 15, 2019) (*en banc*).

[8] In response to *Muniz*, SORNA has been amended to distinguish the reporting requirements for those who committed offenses prior to its December 2012 effective date from the requirements for those who committed offenses between the effective date of Megan's Law in 1996 and the effective date of SORNA in 2012. *See Commonwealth v. Bricker*, 198 A.3d 371, 375-76 (Pa.Super. 2018).

[9] The issue of the legality of a sentence is not waived by the entry of a guilty plea. *See Commonwealth v. Main*, 6 A.3d 1026, 1028 (Pa.Super. 2010); *see also Class v. U.S.*, 138 S.Ct. 798, 807 (2018) (holding guilty plea does not bar defendant from challenging the constitutionality of the statute of conviction).

be retroactively applied in state collateral courts to comply with the United States and Pennsylvania Constitutions." 174 A.3d at 678. Collateral relief premised on *Muniz* is only available via a timely PCRA petition. *See Greco*, 203 A.3d at 1125 (holding declaration that defendant was not subject to SORNA was an untimely request for PCRA relief); *see also Commonwealth v. Johnson*, 200 A.3d 964, 966-67 (Pa.Super. 2018); *Commonwealth v. Murphy*, 180 A.3d 402, 405 (Pa.Super.), *appeal denied*, 195 A.3d 559 (Pa. 2018).

Here, Colton filed a PCRA petition within one year from the date his judgment of sentence became final. His petition was thus timely, and brings the constitutionality of his sentence squarely within the jurisdiction of this Court. 42 Pa.C.S.A. § 9545(b)(1), (3); *Greco*, 203 A.3d at 1123.

Colton committed invasion of privacy in October 2012, prior to the December 2012 effective date of SORNA, when no reporting requirements were attached to that offense. Although Colton did not commit the offense until after the 2011 enactment of SORNA, and although he was not sentenced until August 2013, after SORNA took effect, our precedent has established that application of SORNA to Colton's sentence for invasion of privacy is retroactive and unconstitutional. *Muniz*, 164 A.3d at 1193; *Lippincott*, 2019 PA Super 118 at *6. Colton's conviction for failure to comply with SORNA's registration requirements must therefore be vacated. *See Commonwealth v. Wood*, ____ A.3d _____, 2019 PA Super 117 at *8 (Apr. 15, 2019) (*en banc*) (vacating judgment of sentence following guilty plea for failure to comply with

registration requirements due to retroactive application of SORNA). Accordingly, we reverse the order of the PCRA court denying relief and remand for proceedings consistent with this memorandum.

Order reversed. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2019