J-S01004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT PIERCE | : | |
| | : | |
| Appellant | : | No. 1305 MDA 2018 |

Appeal from the PCRA Order Entered July 11, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002503-2003

BEFORE:   PANELLA, P.J., MURRAY, J., and PELLEGRINI[*], J.

MEMORANDUM BY PANELLA, P.J.:                  **FILED JUNE 21, 2019**

Robert Pierce appeals from the order entered in the Luzerne County Court of Common Pleas dismissing his third petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Further, Matthew P. Kelly, Esquire, has filed an application to withdraw from representation and a *Turney/Finley*[1] "no-merit" letter.[2] We affirm and grant counsel leave to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1]  *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] The Commonwealth declined its opportunity to participate in the resolution of this appeal.

On May 3, 2004, Pierce entered a guilty plea to one count of rape by forcible compulsion.[3]  On July 29, 2004, he was sentenced to ten to twenty years of incarceration.[4] Additionally, he was required to register as a sexually violent predator ("SVP") for life.

After his motion to modify sentence and an amended motion to challenge the constitutionality of the SVP provisions of Megan's Law were denied, Pierce appealed to this Court. On March 8, 2006, we affirmed the judgment of sentence. The Supreme Court of Pennsylvania subsequently denied a petition for allowance of appeal.

In November of 2006, Pierce filed his first PCRA petition. After several postponements, the petition was ultimately dismissed on July 7, 2008. Pierce appealed to this Court, and we affirmed the order dismissing the PCRA petition.

On July 29, 2016, Pierce filed a second PCRA petition contesting the legality of his guilty plea. This petition was denied and dismissed on October 28, 2016. A subsequent appeal and motions were denied.

Pierce filed the instant petition on August 7, 2017. On September 25, 2018, the PCRA court dismissed the petition and this timely appeal followed.

---

[3] The remainder of the charges were nolle prossed, including Rape – Unconscious Victim, Inv. Deviate Sexual Int. – Threat of forcible compulsion, Sexual Assault, and Indecent Assault – Threat of forcible compulsion.

[4] This sentence was ordered be served consecutively to the sentence he was currently serving.

In lieu of an advocate's brief, Attorney Kelly has filed a **Turner**/**Finley** no-merit letter and application to withdraw as counsel. Thus, we must assess counsel's assertion that the issues Pierce wishes to raise have no merit pursuant to the following standards.

> The **Turner**/**Finley** decisions provide the manner for post[-]conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or [an] appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a "no-merit" letter detailing the nature and extent of his [or her] review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, **see Turner**, **supra**, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit[.]
>
> [T]his Court [has] imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. . . . [C]ounsel is required to contemporaneously serve upon his [or her] client his [or her] no merit letter and application to withdraw along with a statement that if the court granted counsel's withdraw request, the client may proceed *pro se* or with a privately retained attorney[.]

**Commonwealth v. Reed**, 107 A.3d 137, 140 (Pa. Super. 2014) (citation omitted) (some brackets in original). Attorney Kelly has served Pierce with a copy of his no-merit letter, and the letter informs Pierce of his right to retain private counsel or proceed *pro se*, and that he did not need to wait for this Court to rule on counsel's petition to act. Pierce has not filed a response.

Prior to reaching the merits of Appellant's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Pierce's judgment of sentence became final on January 30, 2007, 90 days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court. **See Commonwealth v. Reed**, 107 A.3d 137, 141 (Pa. Super. 2014). The instant petition – filed more than one year later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Pierce's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).[5] A petitioner asserting one of these exceptions must file a

_____

[5] The PCRA provides three exceptions to its time bar:

petition within 60 days of the date the claim could have first been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

Pierce first contends his guilty plea was involuntary and a corrupt judge was involved in his case. To the extent that he attempted to plead an exception to the PCRA time bar under 42 Pa.C.S.A. § 9545(b)(1)(ii); *i.e.*, newly discovered facts, we find no such exception under the circumstances.

In his second PCRA petition, filed on July 29, 2016, Pierce similarly argued that ineffective assistance of counsel and prosecutorial misconduct rendered his guilty plea involuntary. In dismissing the second PCRA petition, the court noted that this issue was already addressed in Pierce's first PCRA petition, which was dismissed by the PCRA court and affirmed by this Court. He therefore cannot establish that he only recently discovered that his plea was involuntary.

_____

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

With respect to the governmental interference exception, we note that Pierce has alluded to a "corrupt judge" in the instant petition. However, he has not alleged how a corrupt judge prevented him from timely filing the claims he raises in this petition. He therefore has not established this timeliness exception.

Next, Pierce attempts to plead an exception to the PCRA time bar under the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii). He claims the holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) removes the requirement that he register for life as a sex offender or an SVP.

Our Supreme Court has held that **Muniz** announced a new substantive rule of law that applies retroactively in a *timely* PRCA petition. **See Commonwealth v. Johnson**, 200 A.3d 964, 966 (Pa. 2018) (citing **Commonwealth v. Rivera-Figueroa**, 174 A.3d 674, 678 (Pa. Super. 2017). However, our Supreme Court has further held that at this time,[6] "**Muniz** does not qualify as an exception to the PCRA's one-year time bar." **Johnson**, at 967. As **Muniz** only applies retroactively on collateral review to timely PCRA

---

[6] A petitioner must demonstrate that either the Pennsylvania Supreme Court or the Supreme Court of the United States has held that **Muniz** applies retroactively in order to satisfy § 9545(b)(1)(iii). **See Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002). Neither court has issued such a decision at this time.

petitions, Pierce cannot rely on its holding to meet the timeliness exception. Pierce's second issue on appeal is meritless.

Pierce made two additional arguments in his response to the PCRA court's notice of intent to dismiss his petition. He first alleges that Act 10 of 2018 ("Act 10")[7] is unconstitutional. However, he identifies no authority that has so held. Nor can we locate any independently.

He argues that Act 10 increased his punishment as he believes *Muniz* obviated his lifetime registration requirements. On this, we note that *Muniz* determined that the registration requirements of the Sex Offender Registration and Notification Act ("SORNA"), constituted punishment. *See Muniz*, 164 A.3d at 1218. As a result, retroactive application of SORNA's registration scheme violates the *ex post facto* clause of the United States Constitution. *See id*.

In response to *Muniz*, the Pennsylvania General Assembly passed Act 10 as well as Act 29 of 2018. *See* 42 Pa.C.S.A. § 9799.51(b)(4). Among other provisions, the General Assembly modified SORNA's registration requirements for offenders such as Pierce, who committed their offenses between 1996 and 2012. These modifications *reduced* the registration requirements that had been imposed under SORNA. *Compare* 42 Pa.C.S.A. §§9799.55-.66 *with* 42 Pa.C.S.A. § 9799.15.

---

[7] 42 Pa.C.S.A. §§ 9799.51-9799.75

Here, Pierce was convicted of a sexually violent crime, specifically rape, in violation of 18 Pa.C.S.A. § 3121(a). Therefore, his registration requirements under Act 10 are substantially similar to those imposed when he was originally sentenced. **Compare** 42 Pa.C.S.A. §§ 9799.55-.66 **with** 42 Pa.C.S.A. §§ 9795.1-.2.

Since he is subject to the *same* registration requirements (*i.e.*, lifetime registration) under Act 10 as he originally was under all previous versions of Megan's Law, there is no merit to Pierce's challenge to Act 10.

Our independent review of the certified record does not reveal any other meritorious issues. Accordingly, we affirm the PCRA court's order denying Pierce's petition and grant Attorney Kelly's application to withdraw as counsel.

Order affirmed. Application to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/21/2019