J-S46006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| KEITH ALAN PANZER | : | |
| Appellant | : | No. 241 EDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-CR-0006065-2008

BEFORE:   PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED NOVEMBER 06, 2019**

Keith Alan Panzer appeals from the order entered in the Bucks County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, as untimely. After careful review, we affirm.

On October 23, 2008, Panzer entered a guilty plea to three counts of involuntary sexual intercourse, two counts of corruption of minors, and two counts of indecent assault. On July 22, 2009, he was sentenced to seven to twenty years of incarceration. Additionally, he was required to register as a sexually violent predator ("SVP") for life. No post sentence motions or direct appeal were filed.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On September 21, 2017, Panzer filed a *pro se* PCRA petition, challenging his obligations under the Sex Offender Registration and Notification Act ("SORNA") based on the recent holding in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Counsel was appointed who filed an amended petition raising a challenge under **Muniz** as well as a challenge to Panzer's SVP designation based on our decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017). In January of 2018, the trial court entered an order staying the matter for six months, pending further decision and instructions from the Pennsylvania Supreme Court regarding the retroactive nature of **Muniz** and **Butler**.

On June 14, 2018, the trial court filed a notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 for lack of jurisdiction. Panzer objected to the notice, but the court ultimately dismissed his petition as untimely. This timely appeal followed.

Prior to reaching the merits of Appellant's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to

all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

***Commonwealth v. Jones***, 54 A.3d 14, 16-17 (Pa. 2012) (some internal citations and footnote omitted).

Since Panzer did not file a post-sentence motion or a direct appeal, his judgment of sentence became final on August 21, 2009, when his time for seeking direct review with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3)(judgment of sentence becomes final "at the conclusion of direct review … or at the expiration of time for seeking the review"). The instant petition – filed more than eight years later – is patently untimely. Thus, the PCRA court lacked jurisdiction to review Panzer's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within 60 days of the date the claim could have first been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2).[1] Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal).

Panzer attempts to plead an exception to the PCRA time bar under the newly recognized constitutional right exception, 42 Pa.C.S.A. § 9545(b)(1)(iii). He claims the holding in ***Muniz*** "created a substantive rule that retroactively applies in the collateral context." Appellant's Brief, at 13; ***see also Commonwealth v. Rivera-Figueroa***, 174 A.3d 674, 678 (Pa. Super. 2017).

We acknowledge that this Court has held that ***Muniz*** announced a new substantive rule of law that applies retroactively in a *timely* PRCA petition.

_____

[1] On October 24, 2018, the General Assembly amended section 9545(b)(2) in order to extend the time for filing a petition from 60 days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146(S.B. 915), effective December 24, 2018. The amendment applies to claims arising one year before the effective date of the section, *i.e.*, December 24, 2017. Because Panzer's claim arose prior to this date, the amendment is not applicable here.

*See Commonwealth v. Johnson*, 200 A.3d 964, 966 (Pa. Super. 2018)[2] (citing *Rivera-Figueroa*). However, because Panzer's petition is untimely, he had to demonstrate that either the Pennsylvania Supreme Court or the United States Supreme Court has held that *Muniz* applies retroactively in order to satisfy § 9545(b)(1)(iii). *See Commonwealth v. Abdul-Salaam*, 812 A.2d 497, 501 (Pa. 2002). Neither court has issued such a decision at this time. Therefore, Panzer cannot rely on *Muniz* to meet the timeliness exception.[3]

Accordingly, as Panzer has failed to present an issue for relief, we affirm the PCRA court's order dismissing his untimely petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/6/19

---

[2] We specifically held that at this time, "*Muniz* does not qualify as an exception to the PCRA's one-year time bar." *Johnson*, at 967.

[3] We note that if the Pennsylvania Supreme Court issues a decision holding that *Muniz* applies retroactively, Panzer can then file a PCRA petition, within one year of that decision, attempting to invoke the 'new retroactive right' exception of section 9545(b)(1)(iii).