J-S46034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
PETER KISTLER :
:
Appellant : No. 435 EDA 2019

Appeal from the PCRA Order Entered January 18, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003428-2005

BEFORE: PANELLA, P.J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED SEPTEMBER 09, 2019**

Appellant, Peter Kistler, *pro se*, appeals from the order entered

January 18, 2019, that dismissed his first petition filed under the Post

Conviction Relief Act ("PCRA")[1] without a hearing. We affirm.

The facts underlying this appeal are as follows:

On July 17, 2005, at approximately 7:30 a.m., Appellant was
driving in the vicinity of the McKinley Elementary School
playground located in Allentown. He pulled up to L.U., a nine-
year-old gifted student, and asked her if she wanted a ride. The
victim immediately ran into the school and reported the incident
to a teacher. The police were contacted and began to search for
the suspect. A short time thereafter, the victim and her teacher
came outside and observed the same car driving near the school.
The police were again notified, Appellant was subsequently taken
into custody. . . . [When interviewed by police,] Appellant agreed
that he asked the victim if she wanted a ride because he wanted

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

to have sex. However, Appellant also said he did not know what would have happened if he knew she was nine years of age since he believed she was a teenager.

***Commonwealth v. Kistler***, No. 522 EDA 2007, unpublished memorandum at 1-3 (Pa. Super. filed November 16, 2007).

On May 30, 2006, at the current docket number, Appellant pleaded guilty to criminal attempt to lure a child into a motor vehicle or structure.[2] At that time, Megan's Law III was in effect,[3] which required any individual found to be a sexually violent predator ("SVP")[4] to "be subject to lifetime registration[.]" 42 Pa.C.S. § 9795.1(b)(3) (effective January 24, 2005 to February 20, 2012). Therefore,

at the close of [Appellant's plea] hearing, the trial court ordered an assessment by the Pennsylvania State Sexual Offenders Assessment Board (SOAB) to render an opinion as to whether Appellant was a [SVP]. On July 18, 2006, the Commonwealth filed a petition to classify Appellant as an SVP.

On September 21, 2006, a hearing was held to determine Appellant's status. . . . [T]he trial court . . . considered Appellant's two prior offenses for rape and attempted rape for purposes of the

_____

[2] 18 Pa.C.S. § 901(a) to commit ***id.*** § 2910.

[3] The General Assembly enacted Megan's Law III on November 24, 2004, which became effective on January 24, 2005.

[4] In May 2006, in January 2019 when Appellant's PCRA petition was denied, and as of the date of this decision, a SVP is defined as an individual convicted of sexually violent offenses who is determined to have engaged in the violent conduct "due to a mental abnormality or personality disorder that makes the individual likely to engage in predatory sexually violent offenses." 42 Pa.C.S. § 9792 (effective January 24, 2005 to February 20, 2012); 42 Pa.C.S. § 9799.12 (effective June 12, 2018 to present).

SVP assessment.[5] Further, the trial court noted that these offenses occurred in the 1980's and that the incident in question occurred only one year after Appellant's parole in July of 2004.

\* \* \*

At the conclusion of the hearing, the trial court found Appellant to be an SVP under Megan's Law . . . Following the hearing, the trial court sentenced Appellant to 24 to 60 months' imprisonment.

**Kistler**, No. 522 EDA 2007, at 2, 4, 7. Appellant also received credit for time served. Lehigh County Sentence Sheet, 9/21/2006.[6]

Appellant filed a direct appeal, "seek[ing] review of the trial court's determination that he is a [SVP] under Megan's Law[.]" **Kistler**, No. 522 EDA 2007, at 1. This Court affirmed the judgment of sentence, **id.**, and Appellant filed a petition for allowance of appeal to the Supreme Court of Pennsylvania, which was denied on July 24, 2008.

On September 19, 2018, Appellant filed his first, *pro se* PCRA petition. Appellant acknowledged that his petition was untimely but contended that the right he was asserting "is a constitutional right that was recognized by the Supreme Court of Pennsylvania in the matter of **Commonwealth v. Muniz**,

---

[5] In 1989, at Docket Numbers CP-39-CR-0001984-1988 and CP-39-CR-0001985-1988, Appellant pleaded guilty to rape, 18 Pa.C.S. § 3121(1), and criminal attempt to commit rape, **id.** § 901(a) to commit **id.** § 3121(1), respectively. These convictions pre-date Megan's Law I, which was enacted on October 24, 1995, and became effective 180 days thereafter; Appellant hence was not subject to registration requirements at that time.

[6] Accordingly, Appellant's sentence ended 60 months after he was taken into custody on July 17, 2005 – *i.e.*, on July 17, 2010, at the latest, and he is no longer serving a sentence of imprisonment or parole for the crime in the current appeal.

[164 A.3d 1189] (P[a.] 2017), [*cert. denied*, 138 S. Ct. 925 (2018),] after the time period provided in this Section and has been held by that Court to apply retroactively." PCRA Petition, 9/19/2017, at 3 ¶ 4.a. The PCRA petition continued:

> The Classification of [Appellant] by the [SOAB] as a [SVP] in 2006 allowed for the Require Lifetime Registration under SORNA[7] enacted in 2012, and in violation of the United States and Pennsylvania Constitutions Ex Post Facto Law and the Pennsylvania Constitution protection of "Reputation" under Article 1 §1.

*Id.* at ¶ 5.

On October 16, 2018, the PCRA court appointed counsel to represent Appellant and ordered PCRA counsel to file an amended petition within 90 of days of the date of the order. On November 13, 2018, PCRA counsel filed a petition to withdraw and a "no merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), informing Appellant of his "option of proceeding without an attorney or with a privately retained attorney." Motion to Withdraw as Counsel, 11/13/2018, Exhibit "A", "No Merit" Letter from PCRA Counsel, 11/12/2018, at 4 (unpaginated).

---

[7] "Megan's Law IV [is] more commonly known as the Sexual Offender Registration and Notification Act ('SORNA'). SORNA went into effect on December 20, 2012, and provided for the expiration of Megan's Law III at that time." **Commonwealth v. Derhammer**, 173 A.3d 723, 724-25 (Pa. 2017) (footnote omitted).

On December 20, 2018, the PCRA court entered a notice of intent to dismiss all claims without a hearing pursuant to Pa.R.Crim.P. 907 ("Rule 907 Notice"). Appellant did not file a response.

On January 18, 2019, the PCRA court dismissed Appellant's PCRA petition and granted PCRA counsel's motion to withdraw. On February 7, 2019, Appellant filed this timely appeal.[8]

Appellant presents the following issues for our review:

I.      Did the PCRA/trial court err and abuse its discretion in **denying** [Appellant]'s PCRA petition on his "SORNA" claim as being untimely, and failing to recognize the PCRA stat[ut]ory provision in **42 Pa.C.S. § 9545(b)(1)(iii)** **,**which allows for [Appellant] to file his firs[t] PCRA when the Pennsylvania Supreme Court announced a **new rule of law in *Commonwealth v. Muniz*?**

[II.] Did the PCRA/trial court err and abuse its discretion by forcing [Appellant] into endless appeals in order to prevent his "SORNA" claim from ever being heard in the appellate courts, this time by not addressing the claim in his opinion, but soely focuses on the timeliness of [Appellant]'s petition?

[III.] Was court appointed counsel **ineffective** by the providing **no assistance** at all in pursuing [Appellant]'s claims and subjecting those claims to survive the adve[r]sarial testing by the Commonwealth when failing to properly review said claims before he abruptly filed a "Finley Letter?" [sic]

Appellant's Brief at 6 (emphasis in original) (issues re-ordered to facilitate disposition) (suggested answers and unnecessary capitalization omitted) (some additional formatting).

---

[8] Appellant filed his statement of errors complained of on appeal on March 1, 2019. The PCRA court entered its opinion on March 18, 2019.

"We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and are free of legal error." *Commonwealth v. Medina*, 209 A.3d 992, 996 (Pa. Super. 2019) (quoting *Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018)).

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019); *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA,

> including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1).

In the current case, the PCRA court concluded that it lacked jurisdiction over Appellant's first PCRA petition, because the petition was untimely and failed to satisfy an exception to the PCRA's time bar. PCRA Court Opinion, filed March 18, 2019, at 1, 5-6.

- 6 -

Appellant concedes that his PCRA petition is untimely.[9]  PCRA Petition, 9/19/2017, at 3 ¶¶ 4.a.; Appellant's Brief at 14.   Nevertheless, Appellant attempts to circumvent the time bar by asserting the "new retroactive right" exception under subsection 9545(b)(1)(iii), relying upon **Muniz**, 164 A.3d at 1193, 1222-23, which held that SORNA's registration provisions are punitive and that retroactive application thereof violates the federal and state *ex post facto* clauses and the reputation clause of the Pennsylvania Constitution. PCRA Petition, 9/19/2017, at 3 ¶¶ 4.a.-5.; Appellant's Brief at 12, 14. Appellant contends that the holding in **Muniz**, 164 A.3d 1189, thereby created a new constitutional right that retroactively applies to him, because he was subject to SORNA's registration requirements.  PCRA Petition, 9/19/2017, at 3 ¶¶ 4.a.-5.; Appellant's Brief at 12.

However, Appellant's reliance on **Muniz**, 164 A.3d 1189, is misplaced. In **Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002), the Supreme Court of Pennsylvania explained that subsection 9545(b)(1)(iii) has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or this court after the time provided in this section.  Second, it

---

[9] Appellant's judgment of sentence became final on October 22, 2008, ninety days after the Pennsylvania Supreme Court denied his petition for allowance of appeal on July 24, 2008.  U.S. Sup. Ct. R. 13.  Appellant had one year thereafter to file a PCRA petition – *i.e.*, until October 22, 2009.  42 Pa.C.S. § 9545(b)(1).  Appellant filed the current petition on September 19, 2017, more than seven years late.  Therefore, we agree with Appellant that his PCRA petition was patently untimely.

provides that the right "has been held" by "that court" to apply retroactively. Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively. The language "has been held" is in the past tense. These words mean that the action has already occurred, i.e., "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

While this Court has held that "*Muniz* created a substantive rule that retroactively applies in the collateral context," *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017),[10] the Supreme Court of Pennsylvania has not. As this Court explained in *Commonwealth v. Murphy*, 180 A.3d 402 (Pa. Super. 2018):

> because Appellant's PCRA petition is untimely . . . , he must demonstrate that the **Pennsylvania Supreme Court** has held that *Muniz* applies retroactively in order to satisfy section 9545(b)(1)(iii). Because at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on *Muniz* to meet that timeliness exception.

*Id.* at 405-06 (emphasis in original) (footnote omitted) (citation omitted). *See also Commonwealth v. Johnson*, 200 A.3d 964, 967 (Pa. Super. 2018) ("*Muniz* applies retroactively on collateral review only to those persons who could raise the issue in a timely PCRA petition."). Thus, in the current appeal, pursuant to *Murphy*, 180 A.3d at 405-06, Appellant cannot rely on *Muniz*,

---

[10] Unlike in the current action, the PCRA petition in *Rivera-Figueroa* was timely, and the subsection 9545(b)(1) exceptions were inapplicable. 174 A.3d at 677. *Ergo*, Appellant's reliance on *Rivera-Figueroa* throughout his brief is misguided. Appellant's Brief at 13, 18, 23-25.

164 A.3d 1189, to meet the timeliness exception. Consequently, the PCRA

court was without jurisdiction to review the merits of Appellant's claim and

properly dismissed his petition.[11]

_____

[11] Additionally, as noted above, Appellant is no longer serving a sentence of imprisonment or parole for the crime in the current action. Assuming Appellant's petition qualified for an exception to the PCRA time bar, he would still be ineligible for relief under the PCRA pursuant to its Section 9543, which provides in pertinent part:

> To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:
>
> > (1) That the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted:
> >
> > > (i) **currently serving a sentence of imprisonment, probation or parole** for the crime;

42 Pa.C.S. § 9543(a) (emphasis added); *see also Commonwealth v. Ahlborn*, 699 A.2d 718, 720 (Pa. 1997).

Appellant is not currently imprisoned, on probation, or on parole. Although *Muniz* held that "SORNA's registration provisions constitute punishment[,]" 164 A.3d at 1193, we find no case or statutory law – and Appellant provides us with none – that a "punishment" is the equivalent of a "sentence" under Section 9543(a) of the PCRA. The exact language of the PCRA itself indicates that any other type of sanction besides "imprisonment, probation or parole" is **not** a "sentence" entitling a petitioner to relief under the PCRA. 42 Pa.C.S. § 9543(a).

"The basic tenet of statutory construction requires a court to construe the words of the statute according to their plain meaning." *Commonwealth v. Gosselin*, 861 A.2d 996, 1000 (Pa. Super. 2004). As the plain meaning of Section 9543(a) is that **only** those three sanctions constitute a "sentence" for purposes of PCRA eligibility, Appellant's SORNA registration, even if referred to as a "punishment" elsewhere, is not a "sentence" pursuant to the PCRA,

As for Appellant's ineffectiveness claim against PCRA counsel, in **Commonwealth v. Rykard**, 55 A.3d 1177 (Pa. Super. 2012), this Court stated that "a petitioner waives issues of PCRA counsel's effectiveness regarding **Turner**/**Finley** requirements if he declines to respond to the PCRA court's notice of intent to dismiss." **Id.** at 1186 (citation omitted). Since Appellant did not file a response to the Rule 907 Notice, he may not now challenge the correctness of PCRA counsel's conclusion that there was no merit to his PCRA petition. **See id.**[12]

Accordingly, having discerned no error of law, we affirm the order below. **See Medina**, 209 A.3d at 996.

Order affirmed.

_____

and, thus, Appellant is not eligible for relief under the PCRA for this reason, also.

[12] The "Argument" section of Appellant's brief to this Court includes a section labelled "De Novo Judicial Review of Defendant's Claim[,]" in which he argues "that it is a [d]ue process violation" for him "to be classified as a 'SVP' without a jury being the fact finder[.]" Appellant's Brief at 21-22 (citing **Commonwealth v. Butler**, 173 A.3d 121 (Pa. Super. filed October 31, 2017) (citing **Alleyne v. United States**, 570 U.S. 99 (filed June 17, 2013)), *appeal granted*, 190 A.3d 581 (Pa. 2018)). **Butler** was decided during the pendency of Appellant's PCRA petition, and, consequently, no claims pertaining to **Butler** could have been included in Appellant's PCRA petition.

In **Commonwealth v. Adams-Smith**, 2019 A.3d 1011 (Pa. Super. 2019), this Court held: "a PCRA petitioner can obtain relief . . . under **Butler**, if the petition is timely filed, as long as the relevant judgment of sentence became final **after** June 17, 2013, the date **Alleyne** was decided." **Id.** at 1024 (emphasis in original). As Appellant's PCRA petition was not timely filed and as his judgment of sentence became final on October 22, 2008, *i.e.*, before June 17, 2013, Appellant cannot obtain relief pursuant to **Butler**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/19