J-S33027-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILLIP SIZEMORE | : | |
| | : | |
| Appellant | : | No. 1815 MDA 2018 |

Appeal from the PCRA Order Entered October 18, 2018
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s):  CP-40-CR-0002998-2009

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 04, 2019**

Philip Sizemore appeals from the order entered October 18, 2018, in the Luzerne County Court of Common Pleas, dismissing, as untimely filed, his first petition for post-conviction collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Sizemore seeks relief from the judgment of sentence of an aggregate term of 12 to 24 years' imprisonment imposed on May 11, 2010, following his December 2009 guilty plea to numerous offenses involving the ongoing sexual abuse of his daughters.  Sizemore was also classified as a sexually violent predator ("SVP") under the then-applicable version of Megan's Law.[2]  Concomitant with this appeal, counsel has filed a

---

[1] *See* 42 Pa.C.S. §§ 9541-9546.

[2] *See* 42 Pa.C.S. 9791-9799.9 (Megan's Law III).  That statute was invalidated by the Pennsylvania Supreme Court in *Commonwealth v. Neiman*, 84 A.3d

petition to withdraw and a **Turner**/**Finley**[3] "no merit" letter. Because we conclude the PCRA petition was untimely filed, we affirm, and grant counsel's petition to withdraw.

The facts and procedural history underlying this appeal are well known to the parties, and not pertinent to the issues raised herein. In summary, on December 29, 2009, Sizemore entered a guilty plea to one count each of aggravated indecent assault, involuntary deviate sexual intercourse with a child, and indecent assault, and 50 counts of possession of child pornography,[4] following the revelation that he sexually abused his minor daughters between 2001 and 2009. **See Commonwealth v. Sizemore**, 29 A.3d 844 (Pa. Super. 2011) (unpublished memorandum at 1-2). On May 11, 2010, in accordance with the plea agreement, the trial court sentenced Sizemore to an aggregate term of 12 to 24 years' imprisonment. The court also determined Sizemore met the requirements for classification as an SVP under Megan's Law. **See** 42

_____

603 (Pa. 2013). Prior to that decision, the Pennsylvania legislature enacted the Sexual Offender Registration and Notification Act ("SORNA"), effective December 20, 2012. **See** 42 Pa.C.S. §§ 9799.10-9799.42. SORNA provided for the expiration of Megan's Law III at the time of its effective date. SORNA II was enacted in 2018. **See** 2018, Feb. 21, P.L. 27, No. 10, § 5.2, imd. effective ("Act 10"); Reenacted 2018, June 12, P.L. 140, No. 29, § 4, imd. effective. ("Act 29").

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc).*

[4] **See** 18 Pa.C.S. §§ 3125(b), 3123(b), 3126(a)(7), and 6312(d)(1), respectively.

Pa.C.S. § 9795.4 (expired). On April 25, 2011, a panel of this Court affirmed Sizemore's judgment of sentence on direct appeal. **See Sizemore**, **supra**. As noted *supra*, on December 20, 2012, Megan's Law III expired and was replaced by SORNA.

On August 7, 2017, Sizemore filed a *pro se* motion seeking to modify his sentence in light of the Pennsylvania Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189, 1193 (Pa. 2017), *cert. denied*, 138 S.Ct. 925 (U.S. 2018). Sizemore subsequently filed both a request for the appointment of counsel, and an amended motion for post-conviction relief, in which he alleged his SVP determination was illegal under **Commonwealth v. Butler**, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018). Counsel was appointed and filed a supplemental petition and accompanying brief on August 20, 2018. Following a hearing conducted on October 4, 2018, the PCRA court dismissed Sizemore's petition as untimely filed. This timely appeal followed.[5]

Before addressing the substantive issues on appeal, we must first consider whether counsel has fulfilled the procedural requirements for

---

[5] We note that following the denial of PCRA relief, appointed counsel filed the notice of appeal, as well as a motion requesting the PCRA court appoint new counsel for litigation of the appeal. **See** Motion for Appointment of Appellate Counsel, 11/2/2018. The PCRA court granted the motion, and appointed present counsel on November 5, 2018. Thereafter, on November 7, 2018, the PCRA court ordered Sizemore to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After requesting, and receiving an extension of time, Sizemore filed a concise statement on December 10, 2018.

withdrawal. ***Commonwealth v. Muzzy***, 141 A.3d 509, 510 (Pa. Super. 2016). Pursuant to ***Turner***/***Finley*** and their progeny:

> Counsel petitioning to withdraw from PCRA representation must … review the case zealously. ***Turner***/***Finley*** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw. Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> * * *
>
> [W]here counsel submits a petition and no-merit letter that … satisfy the technical demands of ***Turner***/***Finley***, the court — trial court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Doty***, 48 A.3d 451, 454 (Pa. Super. 2012) (citation omitted).

Here, our review reveals counsel has substantially complied with the procedural aspects of ***Turner***/***Finley***. Although he filed a brief, as opposed to a "no merit" letter, counsel's brief properly lists the issues Sizemore wishes to be reviewed. ***See*** Sizemore's Brief at 1. Furthermore, counsel provided Sizemore with a copy of the brief and the petition to withdraw, and advised him of his right to proceed *pro se* or with private counsel. ***See*** Petition to Withdraw as Counsel, 4/17/2019. Sizemore has not responded to counsel's

petition. Therefore, we proceed to a consideration of whether the PCRA court erred in dismissing the petition. **See Doty**, **supra**.

Sizemore raises three related claims on appeal, all of which challenge his registration requirements under SORNA. First, he argues that his classification as an SVP under SORNA violates the *ex post facto* clauses of both the Pennsylvania and United States Constitutions. **See** Sizemore's Brief at 1. Second, he insists the requirement that he must register as a sex offender for life constitutes an illegal sentence because it exceeds the statutory maximum sentence for his crimes. **See id.** Lastly, Sizemore argues the registration and notification requirements of SORNA II, enacted in 2018, are also unconstitutional. **See id.**

By way of background, on July 19, 2017, the Pennsylvania Supreme Court filed its decision in **Muniz**, in which it held SORNA's registration provisions constitute punishment, and, therefore, the retroactive application of those provisions to offenses committed prior to SORNA's effective date (December 20, 2012), violates the *ex post facto* clauses of the federal and Pennsylvania constitutions.[6] **Muniz**, **supra**, 164 A.3d at 1193. Following that

_____

[6] **Muniz** was a plurality decision. Justice Dougherty authored the Opinion Announcing the Judgment of the Court ("OAJC"), holding: (1) SORNA's registration requirements constitute punishment; (2) the retroactive application of the registration requirements violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions; and (3) Pennsylvania's *ex post facto* clause provides greater protection than its federal counterpart. **See Muniz**, 164 A.3d at 1193, 1223. Justices Baer and Donahue joined the OAJC in full. Justice Wecht filed a Concurring Opinion, joined by Justice Todd,

determination, in ***Commonwealth v. Butler***, 173 A.3d 1212 (Pa. Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018),[7] a panel of this Court concluded SORNA's statutory mechanism for designating a defendant as an SVP, as set forth in 42 Pa.C.S. § 9799.24(e)(3), was "constitutionally flawed" because it permitted a trial court to make the determination based upon clear and convincing evidence. ***Id.*** at 1218. Accordingly, the ***Butler*** Court held "trial courts may no longer designate convicted defendants as SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism." ***Id.*** In 2018, the Pennsylvania legislature enacted SORNA II in an attempt to resolve the concerns expressed in ***Muniz*** and ***Butler***. ***See*** 42 Pa.C.S. 9799.11(b)(4). Subchapter H, enacted on February

_____

which joined those parts of the OAJC concluding the registration requirements constitute punishment, and their retroactive application runs afoul of Pennsylvania's *ex post facto* clause. However, he disagreed with the OAJC's holding that the Pennsylvania Constitution provides greater protection than the federal constitution, and, additionally, stated he would decline to address the federal claim. ***See id.*** at 1224. Justice Saylor authored a Dissenting Opinion in which he concluded SORNA is not punitive. Justice Mundy did not participate in the decision.

[7] The Pennsylvania Supreme Court has granted allowance of appeal in ***Butler*** on the following claim:

> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP")] by extrapolating the decision in [***Commonwealth v. Muniz***, 640 Pa. 699, 164 A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

***Commonwealth v. Butler***, 190 A.3d 581, 582 (Pa. 2018). At this time, however, the ***Butler*** decision is controlling.

21, 2018, applies to those offenders who committed a sexual offense on or after December 20, 2012. 42 Pa.C.S. §§ 9799.10-9799.42. Subchapter I, enacted on June 12, 2018, applies to those offenders, like Sizemore, who committed a sexual offense on or after April 22, 1996, but before December 20, 2012. *See* 42 Pa.C.S. §§ 9799.51-9799.75.

In the present case, however, the PCRA court did not consider Sizemore's underlying claims, but rather, concluded the petition was untimely filed, and Sizemore failed to plead or prove the applicability of any of the time-for-filing exceptions. *See* PCRA Court Opinion, 3/4/2019, at unnumbered 5-6. We agree.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Mitchell*, 141 A.3d 1277, 1283–1284 (Pa. 2016) (internal punctuation and citation omitted).

A PCRA petition must be filed within one year of the date the underlying judgment becomes final.[8] *See* 42 Pa.C.S. § 9545(b)(1).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. *Commonwealth v. Taylor*, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing *Commonwealth v. Murray*, 562 Pa. 1,

---

[8] Sizemore does not dispute that his Motion to Modify Sentence, filed on August 7, 2017, must be construed as a PCRA petition. *See* Motion of Amended Post-Conviction Relief Petition, 12/20/2017, at 1 ("Since [filing the motion to modify sentence] petitioner has discovered that such motion is to be construed as a PCRA."). *See also Commonwealth v. Jackson*, 30 A.3d 516 (Pa. Super. 2011).

753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id.**

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (U.S. 2014).

Here, Sizemore's judgment of sentence was final on May 25, 2011, 30 days after this Court affirmed the judgment of sentence on direct appeal, and Sizemore failed to petition the Pennsylvania Supreme Court for allowance of appeal. **See** 42 Pa.C.S. § 9454(b)(3). Therefore, he had until May 25, 2012, to file a timely petition, and the one before us, filed on August 7, 2017, is patently untimely.

Nevertheless, an untimely PCRA petition may still be considered if one of the three time-for-filing exceptions applies.[9] **See** 42 Pa.C.S. §

---

[9] Section 9545(b) provides, in relevant part:

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period

9545(b)(1)(i)-(iii). A PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).[10] "The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions." *Commonwealth v. Jones*, 54 A.3d 14, 17 (Pa. 2012).

In his *pro se* amended petition, Sizemore argued his petition met both the unknown facts exception set forth in Subsection 9545(b)(1)(ii), and the newly recognized constitutional right exception set forth in Subsection 9545(b)(1)(iii). *See* Motion of Amended Post-Conviction Relief Petition, 12/20/2017, at 7. He asserted he was "not aware of the fact that being designated an SVP requires the 'beyond a reasonable doubt' standard" and he could not have ascertained that fact by the exercise of due diligence. *Id.* Further, he claimed *Muniz* created a "substantive rule that retroactively applies in the collateral context." *Id.* at 8. We find both arguments fail.

_____

provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).

[10] Subsection 9545(b)(2) was recently amended to extend the filing period to one year from the date the claim could have been presented. *See* Section 3 of Act 2018, Oct. 24, P.L. 894, No. 146, effective in 60 days. However, the extended time period applies only to claims arising on or after December 24, 2017. *See id.* Accordingly, it is inapplicable here.

First, Sizemore cannot establish the newly discovered facts exception because his claim is based upon this Court's decision in **Butler**, which determined the mechanism for classifying an offender as an SVP was flawed. "Our Supreme Court has held that subsequent decisional law does not amount to a new fact under section 9545(b)(1)(iii) of the PCRA." **Commonwealth v. Brandon**, 51 A.3d 231 (Pa. Super. 2012) (internal punctuation omitted), *quoting* **Commonwealth v. Watts**, 23 A.3d 980 (Pa. 2011).

Second, while both **Muniz** and **Butler** arguably recognized a new constitutional right, neither of those decisions have been held to apply retroactively by either the Pennsylvania or United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(1)(iii). In **Commonwealth v. Murphy**, 180 A.3d 402 (Pa. Super. 2018), *appeal denied*, 195 A.3d 559 (Pa. 2018), we explained that in order to satisfy the newly recognized constitutional right exception, the new right must have been held to apply retroactively by either the Pennsylvania or United States Supreme Court. **See id.** at 405. The panel found "[b]ecause at this time, no such holding has been issued by our Supreme Court, Appellant cannot rely on **Muniz** to meet that timeliness exception." **Id.** at 406 (footnote omitted). **Accord Commonwealth v. Johnson**, 200 A.3d 964, 966-967 (Pa. Super. 2018). The same is true of **Butler**, which was a decision of this Court.

Accordingly, Sizemore is unable to demonstrate the applicability of one of the time for filing exceptions to the PCRA.[11]

Therefore, because we conclude Sizemore's PCRA petition was untimely filed, and he failed to satisfy any of the time-for-filing exceptions, we affirm the order denying him PCRA relief. Moreover, because we agree with counsel's assessment that this appeal is without merit, we grant counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/04/2019

---

[11] We note that PCRA counsel did not address the timeliness of Sizemore's petition in his supplemental petition and brief. Rather, he simply argued Sizemore's SVP determination was unconstitutional under **Butler**, and the newly enacted statute, SORNA II, is unconstitutional as well. **See** Supplemental Brief, 8/20/2018, at 1-5.